```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


LARRY RODRIGUEZ,                  )
                                  )
          Plaintiff,              )
                                  )
     v.                           )         No. 4:06 CV 752 DDN
                                  )
MALLINCKRODT, INC.,               )
                                  )
          Defendant.              )
```

## MEMORANDUM

This action is before the court on the motion of defendant Mallinckrodt, Inc., for summary judgment. (Doc. 42.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 19.)

## I.  BACKGROUND

Plaintiff Larry Rodriguez brought this action against defendant Mallinckrodt, Inc., alleging five state law product liability claims. His amended complaint contains causes of action based on negligence, failure to warn, negligence per se, breach of implied warranty, and defective design. (Doc. 16.) For the reasons set forth below, the court grants defendant's motion for summary judgment.

## II.  STATEMENT OF UNDISPUTED FACTS

Larry Rodriguez is a New York citizen currently incarcerated at the Five Points Correctional Facility within the State of New York. (Doc. 42, Ex. A at 1.) While incarcerated, prison physicians prescribed Rodriguez a drug known as propoxyphene napsylate with acetaminophen ("PN"), a drug allegedly manufactured by Mallinckrodt. (Doc. 16 at 1, 3.) After ingesting a crushed form of PN, Rodriguez claims he lost his sense of taste in the center rear portion of his tongue. (Doc. 42, Ex. A at 4.) These alleged injuries occurred in the State of New York. (Doc. 16.)

After suffering the alleged injury, Rodriguez filed a pro se complaint in this court on May 8, 2006. (Doc. 2.) On June 15, 2006,

the court appointed attorney Todd Hamby[1] to represent Rodriguez.  (Doc. 4.)  On September 14, 2006, Rodriguez filed an amended complaint, alleging his injuries stemmed from the prescription drug PN.  (Doc. 16 at 1, 3.)  On January 16, 2007, the court appointed James Hartman, M.D., F.A.C.S., a noted otolaryngologist, as a medical expert to evaluate Rodriguez's claims.  (Doc. 34.)  Dr. Hartman filed his written report on April 30, 2007.[2]  (Doc. 41.)

In his report, Dr. Hartman stated, to a reasonable degree of medical certainty, that crushed propoxyphene napsylate and acetaminophen could not cause taste loss in an individual.  His report also stated, to a reasonable degree of medical certainty, that Rodriguez's taste loss was not caused by taking crushed PN.  In his written report Dr. Hartman explained the reasons for his opinion.  ( Id.)

Rodriguez has not produced any literature, medical or otherwise, that would link crushed PN to taste loss.  (Doc. 45 at 4.)  In addition, he has never identified any expert who could testify that crushed PN could cause taste loss.  (Id. at 5.)  No doctor or nurse has ever told him that PN could lead to taste loss.  (Doc. 42, Ex. A at 5.)  Finally, Rodriguez has not produced any documents that prove he took PN manufactured by Mallinckrodt.  (Doc. 45 at 5.)

### III.  STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Devin v. Schwan's Home Serv., Inc., 491 F.3d 778, 785 (8th Cir. 2007).  The court must view the evidence in the light most favorable to the nonmoving party and accord it the benefit of all reasonable inferences.  Devin, 491 F.3d at 785.  A fact is "material" if it could affect the

---

[1]The court commends attorney Hamby for fulfilling his appointed legal service on behalf of plaintiff Rodriguez.

[2]The court extends its appreciation to Dr. Hartman for accepting the court's appointment in the interests of justice.

ultimate disposition of the case, and a factual dispute is "genuine" if there is substantial evidence to support a reasonable jury verdict in favor of the non-moving party. Die-Cutting Diversified, Inc. v. United Nat'l Ins. Co., 353 F. Supp. 2d 1053, 1054-55 (E.D. Mo. 2004).

Initially, the moving party must demonstrate the absence of an issue for trial. Celotex, 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party may not rest upon the allegations in its pleadings but must instead proffer admissible evidence that demonstrates a genuine issue of material fact. Fed. R. Civ. P. 56(e); Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 800 (8th Cir. 2004); Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003).

## IV. DISCUSSION

In its motion for summary judgment, Mallinckrodt maintains that there are no genuine issues of material fact. In particular, Mallinckrodt argues that Rodriguez cannot show that the PN he took was manufactured by Mallinckrodt. Even if he could show that the PN was from Mallinckrodt, Rodriguez cannot prove crushed PN caused his injuries. Finally, Mallinckrodt argues that several of Rodriguez's claims are preempted by federal law. (Doc. 42.)

In response, Rodriguez argues that Mallinckrodt failed to comply with the local rules in preparing its statement of undisputed facts. In addition, Rodriguez argues that Mallinckrodt has not shown that the issue of causation is undisputed, and genuine issues of fact remain for each of his five claims. Finally, he argues federal law does not preempt his claims. (Doc. 46.)

**Choice of Law Provisions**

A district court sitting in diversity applies the choice of law rules of the state in which it sits. Prudential Ins. Co. of Am. v. Kamrath, 475 F.3d 920, 924 (8th Cir. 2007). For tort claims, Missouri courts apply the "most significant relationship" test found in the Restatement Second of Conflicts of Laws. Horn v. B.A.S.S., 92 F.3d 609, 611 (8th Cir. 1996). Under the most significant relationship test, the law of the state where the injury occurred usually determines the rights

and liabilities of the parties.  Id.  In this case, Rodriguez was prescribed PN in New York, ingested PN in New York, and received the alleged injury in New York.  New York law therefore governs the rights and liabilities of the parties.

**Mallinckrodt's Statement of Undisputed Facts**

The local rules for the Eastern District of Missouri state that a "memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations." E.D. Mo. L.R. 7-4.01(E).  In Mallinckrodt's memorandum, four statements in the undisputed facts were not accompanied by a citation to the record.  The four statements asserted:

> 15. Plaintiff has never produced a single piece of medical literature indicating crushed PN could cause taste loss.
> 16. Plaintiff has never produced any literature indicating crushed PN could cause taste loss.
> 17. Plaintiff has never identified any expert that indicates crushed PN could cause taste loss.
> 19. Plaintiff has never produced any documentation he took PN manufactured by Mallinckrodt.

(Doc. 42 at 4.)  Rodriguez claims that these statements violate local rule 7-4.01(E) and the court should therefore deny the motion for summary judgment.  (Doc. 46 at 2-3.)

These statements, by their very nature, could not contain a citation to the record.  Any effort to provide an accompanying citation would be inherently contradictory.  Moreover, Rodriguez admitted each of the four statements in his opposition memorandum.  Mallinckrodt complied with local rule 7-4.01(E).

**Causation**

In an effort to create a genuine issue of fact, Rodriguez points to the temporal proximity between the time he took PN and the development of his injuries.  He also notes that drugs with similar characteristics can cause taste loss.  (Doc. 46 at 3-8.)  However, in reaching his opinions, Dr. Hartman's report specifically considered the

asserted temporal relationship.  However, the record indicated that plaintiff was also taking several medications which, in the doctor's opinion, could account for any taste change.  Rodriguez has not offered any evidence that would prove PN causes taste loss.  (Doc. 47 at 4-7.)

A plaintiff cannot establish causation by merely pointing to a temporal relationship between the alleged injury and ingestion of a drug.  See Grant v. Sec'y of Dep't of Health and Human Servs., 956 F.2d 1144, 1148 (Fed. Cir. 1992); Saari v. Merck & Co., Inc., 961 F. Supp. 387, 396 (N.D.N.Y. 1997).  Instead, expert medical opinion evidence is required when the subject matter at issue is presumed to be beyond the common knowledge and experience of a jury.  Fane v. Zimmer, Inc., 927 F.2d 124, 131 (2d Cir. 1991).  The cause of an injury or disease "is generally not within the sphere of the common knowledge of the lay person."  Barnes v. Anderson, 202 F.3d 150, 159 (2d Cir. 1999).  Taken together, New York law usually requires a plaintiff to produce expert medical evidence in order to prove the proximate cause of his medical injury.  Id.; see also Saari, 961 F. Supp. at 392 ("[I]n a case . . . where there are complex medical issues, in order for plaintiff to prove that her alleged injuries were caused by defendants' products, she must introduce expert medical testimony establishing causation.")

In response to the motion for summary judgment, Rodriguez has failed to proffer any substantial evidence of causation.  Rodriguez admits that he has not produced any literature that would indicate crushed PN can cause taste loss.  He admits that he has not found any expert that could testify that crushed PN can cause taste loss. Finally, he admits that no doctor or nurse has ever told him that crushed PN could produce taste loss.

Instead, all the substantial evidence indicates that crushed PN does not cause taste loss.  Dr. Hartman, the court appointed expert, expressed his opinion to a reasonable degree of medical certainty that crushed PN could not cause taste loss in an individual.  The characteristics and qualities of other drugs – whatever they may be – do not contradict the clear evidence that crushed PN does not cause taste loss.  Rodriguez has therefore failed to proffer any evidence that

would create a genuine issue of material fact as to whether crushed PN could have caused his taste loss.

**Negligence**

In count I of the amended complaint, Rodriguez alleges that Mallinckrodt negligently manufactured, designed, distributed, and marketed - among other things - the drug PN. To establish a prima facie case of negligence under New York law, a plaintiff must show: 1) the defendant owed the plaintiff a duty to exercise reasonable care; 2) the defendant breached that duty such that a product became defective; 3) the defect was the proximate cause of the plaintiff's injury; and 4) the plaintiff suffered a loss or damage. Santoro ex rel. Santoro v. Donnelly, 340 F. Supp. 2d 464, 484 (S.D.N.Y. 2004).

Even assuming plaintiff could prove that Mallinckrodt manufactured a defective product, which is not indicated by the record, Rodriguez cannot establish that PN proximately caused his injuries for the reasons stated above. Accordingly, Rodriguez cannot make a prima facie case of negligence.

**Failure to Warn**

In count II of the amended complaint, Rodriguez alleges Mallinckrodt failed to warn of PN's dangerous qualities. To prevail on a failure to warn theory, the plaintiff must prove that: 1) a manufacturer has a duty to warn; 2) against dangers resulting from foreseeable uses about which the defendant knew or should have known; and 3) the failure to warn was the proximate cause of the harm. Id. at 485.

Assuming Mallinckrodt had a duty to warn, Rodriguez cannot establish the failure to warn was the proximate cause of his loss of taste. Unable to prove causation, Rodriguez cannot establish liability based on a failure to warn theory.

**Negligence Per Se**

In counts I and III of the amended complaint, Rodriguez alleges Mallinckrodt violated several federal laws and was negligent per se.

In New York, the violation of a statute constitutes negligence per se if the plaintiff can prove that: 1) he belongs to the class of intended beneficiaries of the law; and 2) recognizing a private right of action would promote the legislative purpose of the statute. Sita v. Danek Medical, Inc., 43 F. Supp. 2d 245, 262 (E.D.N.Y. 1999). "To survive a motion for summary judgment on a claim of per se negligence, a plaintiff must also offer proof of causation sufficient to convince a reasonable jury." Id.

Even assuming Mallinckrodt has violated the law, Rodriguez cannot prove causation. As a result, his claim for negligence per se cannot survive the motion for summary judgment.

**Breach of Implied Warranty**

In count IV of the amended complaint, Rodriguez claims that PN was not safe for its intended use and Mallinckrodt therefore breached its implied warranty of merchantability. To prevail on a claim for breach of the implied warranty of merchantability, a plaintiff must show that: 1) the product is not fit for the ordinary purpose for which such goods are used; and 2) that the product caused the plaintiff's injury. Santoro, 340 F. Supp. 2d at 486. Since causation is a necessary element, Rodriguez cannot establish liability based on a breach of implied warranty theory.

**Design Defect**

In count V of the amended complaint, Rodriguez alleges that the drug PN was defectively designed. To prevail on a claim for defective design, a plaintiff must demonstrate that: 1) the product as designed was not reasonably safe; 2) there was a safer and feasible alternative design available when the product was manufactured; and 3) the defective design was a substantial factor in causing the plaintiff's injuries. Id. at 484. Since causation is again a necessary element of the claim, Rodriguez cannot establish a claim based upon defectively designing the drug PN.

## V.  CONCLUSION

Rodriguez cannot establish that crushed PN caused him to lose his sense of taste.  Since causation is a necessary element of each of the five claims, the motion of defendant Mallinckrodt for summary judgment is granted.  An order in accordance with this memorandum is filed herewith.


    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**


Signed on September 24, 2007.